**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2153
_____

ALGERNON ANDERSON WYNTER,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-736-899)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2014
Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 12, 2014)
_____

OPINION
_____

PER CURIAM

     Algernon Anderson Wynter ("Wynter") petitions for review of the Board of

Immigration Appeals' denial of his motion to reopen.  For the reasons that follow, we

will deny the petition for review.

In 2000, Wynter, a citizen of Antigua and Barbuda, was served with a notice to appear that charged him as removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for being a nonimmigrant who was present in violation of the law. At his removal hearing, Wynter conceded his removability as charged but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1) or voluntary departure under 8 U.S.C. § 1229c. The Immigration Judge ("IJ") denied Wynter's requests for relief and ordered his removal. Wynter failed to appeal. In 2010, Wynter filed a motion to reopen, arguing that the attorneys who represented him during his removal proceedings ignored his request to file an appeal and misled him into believing that it had been filed. He asserted that he had not learned until 2010 that his appeal was never filed, and that he filed the motion to reopen within 180 days of learning of the status of his case. Further, he claimed that his attorneys had been ineffective during his removal hearing. The IJ found no basis to equitably toll the period of limitations applicable to motions to reopen, and declined to exercise his sua sponte power to grant the motion. On appeal, the Board of Immigration Appeals ("the Board") remanded to the IJ for consideration of additional evidence provided by Wynter. The IJ then denied Wynter's motion, and Wynter again appealed to the Board.

On appeal, Wynter claimed that his initial attorneys had represented him through 2009, and that they informed him that they had filed an appeal on his behalf. Wynter also presented evidence that his son had filed an I-130 immediate relative petition, and that he was therefore eligible to adjust his status. The Board determined that Wynter had not

acted with due diligence for the entire period during which he sought tolling of the time to file a motion to reopen. The Board also concluded that Wynter could have provided the IJ with proof that his I-130 petition had been approved before the IJ considered his motion to reopen, and that, in any case, he had not yet filed an I-485 application for adjustment of status. The Board therefore affirmed the IJ's order denying Wynter's motion to reopen. Through counsel, Wynter timely filed a petition for review.[1]

## II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard. See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational or contrary to law." Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994) (internal quotation marks omitted). In general, motions to reopen must be filed within 90 days from the date "on which the final administrative decision was rendered in the proceeding sought to be reopened," see 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. § 1229a(c)(7)(C), although this time limit is subject to equitable tolling. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011). Wynter does not dispute that his motion to reopen was filed more than 90 days after the agency's final decision. Rather, he argues that the Board abused its discretion by

---

[1] Although Wynter's petition for review was time stamped on April 23, 2013, 32 days after the date of the Board's order, Wynter has provided sufficient evidence to satisfy us that he actually filed his petition for review on Monday, April 22, 2013, the final day for filing. See 8 U.S.C. § 1252(b)(1); see also Fed. R. App. P. 26(b)(2); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006) (referring to the 30-day time limit as jurisdictional).

3

refusing to equitably toll the 90-day time limitation for filing a motion to reopen on the basis of the alleged ineffectiveness of counsel.

Ineffective assistance of counsel can serve as a basis for equitable tolling, but it must be substantiated and accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). "[P]eriods of unaccounted-for delay reveal a lack of diligence." Id. at 253; see also Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (holding that due diligence must be exercised over the entire period for which tolling is desired). Here, Wynter claims that he repeatedly sought updates from his prior attorney regarding the status of his appeal to the Board, and that he only learned in 2010 that an appeal was never filed in his case. As the Board noted, Wynter's prior attorney responded to Wynter's complaint against him by asserting that he never heard from Wynter after the removal hearing in 2001. We agree with the Board that, in any event, even if Wynter had made inquiries with his attorney about the status of his appeal, those inquiries alone do not sufficiently establish that he acted with the required diligence *throughout* the nine-year period between 2001, when the IJ ordered his removal, and 2010, when he filed his motion to reopen. See Mahmood, 427 F.3d at 252.

After reviewing the record, it does not appear that the Board's decision was arbitrary, irrational, or contrary to law. Accordingly, we will deny the petition for review.[2]

---

[2] Because we find that the Board's decision was not arbitrary, irrational, or contrary to law, we do not reach the Board's alternative determination that Wynter did not establish his entitlement to adjustment of status.